IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY
SMALL CLAIMS

RUTH MORALES

    Plaintiff,

vs.

MEDICAL SERVICES OF CHATTANOOGA, INC.

    Defendant.

_____/

CASE NO. 13-CC-011983

Div: M

## COMPLAINT

Plaintiff, Ruth Morales ("Plaintiff"), alleges the following Complaint against Defendant, Medical Services of Chattanooga, Inc. ("Defendant").

1. This is an action for damages that are more than $1,000 but less than $2,500, exclusive of attorneys' fees and costs.

2. This action arises out of Defendant's multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

3. Jurisdiction and venue are conferred by 15 U.S.C. § 1692i and Fla. Stat. § 559.77.

4. At all times material, Plaintiff was a resident of Hillsborough County, Florida.

5. At all times material, the conduct of Defendant complained of below occurred in in Hillsborough County, Florida.

6. At all times material, Defendant engaged in its usual and customary business, including its dealings with Plaintiff, within Hillsborough County, Florida.

-1-

## PARTIES

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

8. Defendant is a company with a principal place of business in Tennessee that does business in Hillsborough County, Florida, including its dealings with Plaintiff, has a registered agent in Florida, is a "person" subject to regulation under Fla. Stat. § 559.72, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a debt associated with medical services performed on Plaintiff. The subject debt that Plaintiff allegedly incurred was a "consumer debt" as defined by the FDCPA and FCCPA, as it constituted an alleged obligation(s) for the payment of money arising out of a transaction in which the money and/or services which were the subject of the transaction were primarily for Plaintiff's personal, family, or household purposes.

10. At some point after Plaintiff allegedly incurred and defaulted on the subject debt, the subject debt was assigned or consigned to, or purchased by, Defendant for purposes of collection.

11. Beginning in or around April 2013, Defendant began a campaign of harassment and abuse toward Plaintiff in an effort to collect the subject debt.

12. Defendant called Plaintiff with a high frequency regarding the subject debt.

13. Further, Defendant left voicemails on Plaintiff's telephone without identifying Defendant's identity or the fact that Defendant was a debt collector, in clear violation of 15 U.S.C. § 1692e(11). *See, e.g., Drossin v. Nat'l Action Financial Serv's, Inc.*, 641 F. Supp. 2d 1314 (S.D. Fla. 2009).

14. For example, on May 8, 2013, Defendant left the following pre-recorded message on Plaintiff's answering machine:

> **862629. Please contact us back at 800-737-9140 at your earliest convenience. Thank you and have a good day.**

15. Further, on May 13, 2013, Plaintiff asked Defendant to identify its full business name in a telephone conversation. Defendant only informed Plaintiff that she worked for "medical services" for Florida Hospital, but would not identify Defendant's full business name for Plaintiff.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. 1692 § *et seq.*

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though stated fully herein.

17. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(11).

18. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

19. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FCCPA including, but not limited to:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

   b. Fla. Stat. 559.72(15): Refuse to provide adequate information of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

21. Defendant's actions referenced above have caused Plaintiff to suffer damages.

22. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled actual damages, statutory damages in the amount of $1,000 for each violation of the FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:   May 13, 2013

                               DISPARTI FOWKES & HASANBASIC, P.A.

                               Ryan C. Hasanbasic, Esq.
                               Fla. Bar No. 044119
                               Paul R. Fowkes, Esq.
                               Fla. Bar No. 723886
                               2203 North Lois Ave, Suite 830
                               Tampa, Florida 33607
                               (813) 221-0500
                               (813) 228-7077 (Facsimile)
                               *Attorneys for Plaintiffs*